# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | : <br> : <br> :    CIVIL ACTION <br> Plaintiff,    : <br> : <br> v.    : <br> :    NO. 18-102 <br> GARY JACKSON and KATHLEEN JACKSON,    : <br> : <br> Defendants.    : |

## MEMORANDUM OPINION

**Mitchell S. Goldberg, J.**                                                                    August 21, 2018

Plaintiff, State Farm Fire and Casualty Company ("State Farm"), brings this action against its insureds, Defendants Gary Jackson and Kathleen Jackson, seeking a declaratory judgment that it has no duty under Defendants' homeowners insurance policy to defend claims brought against Mr. Jackson in the Pennsylvania state court. State Farm moves for summary judgment on Count I of the Complaint, which seeks a declaration that there was no "occurrence" under the Policy. For the following reasons, I will grant the Motion and enter summary judgment in favor of State Farm and against Defendants.

## I.   STATEMENT OF UNDISPUTED FACTS

Defendant, Gary Jackson, was named as a defendant in an action captioned <u>Jonathan Cox v. Amdel, LTD d/b/a Fountain Street Pub, Fountain Street Pub, William Flynn, and Gary Jackson</u>, Docket No. 170300420, filed on July 13, 2017 in the Pennsylvania Court of Common Pleas for Philadelphia County (the "Underlying Action"). (Pl.'s Mot. Summ. J., Ex. A.)  The complaint in the Underlying Action (the "Underlying Complaint") alleges that, on March 8, 2015, the plaintiff, Jonathan Cox, was a business guest at Fountain Street Pub.  (<u>Id.</u> ¶ 7.)  According to the

Underlying Complaint, on that date, Mr. Jackson assaulted and battered Cox, causing him to suffer bodily injury. (Id. ¶¶ 14, 28–29.)

State Farm had issued a Homeowner's Policy to Defendants Gary Jackson and Kathleen Jackson, husband and wife, for the policy period of April 29, 2014 to April 29, 2015 (the "Policy"). (Pl.'s Mot. Summ. J., Ex. C.) The Policy provides, in pertinent part, as follows:

> **COVERAGE L – PERSONAL LIABILITY**
>
> If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:
>
> 1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and
>
> 2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

(Id.) The Policy goes on to define "occurrence" as follows:

> "**occurrence,**" when used in Section II of this policy, means an accident, including exposure to conditions, which first results in:
>
> a. **bodily injury**; or
>
> b. **property damage**;
>
> during the policy period. All **bodily injury** and **property damage** resulting from one accident, series of related accidents or from continuous and repeated exposure to the same general conditions is considered to be one **occurrence**.

(Id.)

On January 8, 2018, State Farm filed a Complaint for Declaratory Judgment in federal court ("Federal Complaint"), seeking a declaration that it does not have a duty to defend or indemnify Mr. Jackson in connection with the Underlying Action. Count I of the Federal

Complaint alleges that there was no "occurrence" that would trigger its duty under the Policy. Count II asserts that coverage is barred by the intentional acts exclusion of the Policy. Count III seeks a declaration that, under Pennsylvania law, State Farm is not obligated to make any payment for the amounts of restitution ordered to be paid by Mr. Jackson as part of his criminal conviction for simple assault. Count IV seeks a declaration that the Policy does not include any coverage for punitive damages.

On April 13, 2018, State Farm moved for summary judgment as to Count I. Defendants responded on May 2, 2018, and State Farm filed a reply on May 7, 2018.

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 states, in pertinent part:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a). "Through summary adjudication, the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality." Capitol Presort Servs., LLC v. XL Health Corp., 175 F. Supp. 3d 430, 433 (M.D. Pa. 2016).

A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana v. Kmart

Corp, 260 F.3d 228, 232 (3d Cir. 2001). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

## III. DISCUSSION

The sole issue in dispute here is whether State Farm has a duty to defend and/or indemnify Defendants in connection with the allegations against him in the Underlying Action.

"Pennsylvania's courts have taken a relatively broad view in discerning whether a complaint triggers the insurer's duty to defend." Berg Chilling Sys. v. Hull Corp., 70 F. App'x 620, 624 (3d Cir. 2003). "An insurance company's duty to defend a suit against an insured is determined solely on the basis of the allegations of the complaint in the underlying action." Nat'l Fire Ins. Co. of Hartford v. Robinson Fans Holdings, Inc., No. 10-1054, 2011 WL 1327435, at *1 (W.D. Pa. Apr. 7, 2011); see also Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 896 (Pa. 2006). In other words, "[a] carrier's duty to defend and indemnify an insured in a suit brought by a third party depends upon a determination of whether the third party's complaint triggers coverage." Kvaerner, 908 A.2d at 896 (quoting Mut. Benefit Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa. 1999)). That duty "is broader than the duty to indemnify, in that the former duty arises whenever an underlying complaint may 'potentially' come within the insurance coverage." The Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999). An insurer is not required to defend a claim when it is apparent on the face of the complaint that none of the injuries fall within the purview of the insurance policy. Peerless Ins. Co. v. Brooks Sys. Corp., 617 F. Supp. 2d 348, 356 (E.D. Pa. 2008).

Here, as set forth above, the duty to defend in the Policy is triggered by an "occurrence." The Policy defines "occurrence" as an "accident, including exposure to conditions, which first results in . . . bodily injury." (Pl.'s Mot. Summ. J., Ex. C.) State Farm claims that the events

4

described in the Underlying Complaint do not constitute an "occurrence" within the meaning of the Policy.

Pennsylvania law dictates that the interpretation of an insurance contract is a question of law. 401 Fourth St., Inc. v. Investors Ins. Grp., 879 A.2d 166, 170 (Pa. 2005). The task of interpreting an insurance contract is generally performed by the court rather than a jury, and "[t]he purpose of that task is to ascertain the intent of the parties as manifested by the terms used in the written insurance policy." Id. at 171. "[A]ll provisions of an insurance contract [must] be read together and construed according to the plain meaning of the words involved, so as to avoid ambiguity while at the same time giving effect to all of its provisions." Masters v. Celina Mut. Ins. Co., 224 A.2d 774, 776 (Pa. Super. Ct. 1966). "Ambiguous terms must be strictly construed against the insurer, but the policy language must not be tortured to create ambiguities where none exist." Sikrica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). Terms of common usage in an insurance policy must be construed according to their plain meaning and a dictionary may inform an understanding of the terms. Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 676–77 (3d Cir. 2016) (quoting Am. Auto. Ins. Co., 658 F.3d at 320); Wall Rose Mut. Ins. Co. v. Manross, 939 A.2d 958, 962 (Pa. Super. Ct. 2007) (quoting Am. Auto. Ins. Co. v. Murray, 658 F.3d 311, 320 (3d Cir. 2011)).

The dictionary definition of an "accident" is "an unexpected happening causing loss or injury which is not due to any fault or misconduct on the part of the person injured but for which legal relief may be sought." Unitrin Direct Ins. Co. v. Esposito, 276 F. Supp. 3d 316 (E.D. Pa. 2017) (quoting Webster's Third New International Dictionary, Unabridged (2017)). The Pennsylvania Supreme Court has emphasized that the fortuity of the events in question is the key factor to consider in determining whether an event is an "accident":

> An accident, simply stated, is merely an unanticipated event; it is something which occurs not as the result of natural routine but as the culmination of forces working without design, coordination or plan. And the more disorganized the forces, the more confusedly they operate, the more indiscriminately haphazard the clash and intermingling, the more perfect is the resulting accident.

Brenneman v. St. Paul Fire & Marine Ins. Co., 192 A.2d 745, 747 (Pa. 1963).

Generally, an intentional act does not qualify as accidental in determining whether it is within the scope of an insurance policy. Donegal Mut. Ins. Co. v. Baumhammers, 938 A.2d 286, 291 (Pa. 2007). "Where a willful and malicious assault is alleged in the complaint, it is not an accident but rather an intentional act." Nationwide Mut. Fire Ins. Co. v. Malofiy, No. 10-2410, 2011 WL 1050050, at *6 (E.D. Pa. Mar. 22, 2011) (citing Gene's Restaurant, Inc. v. Nationwide Ins. Co., 548 A.2d 246, 247 (Pa. 1988)); see also Westfield Ins. Co. v. Granese, No. 10–795, 2011 WL 346593, at *4–5 (E.D. Pa. 2011) (finding insurer did not have a duty to defend or indemnify insured in the underlying civil action against the insured for assault and battery).

Here, the Underlying Complaint alleges only an assault and battery claim against Mr. Jackson. Although it also includes a negligence claim against the Fountain Street Pub for continuing to serve alcohol to a clearly-intoxicated Mr. Jackson, the allegations against Mr. Jackson himself consist solely of intentional acts in "severely assault[ing] and injur[ing] an innocent business guest." (Pl.'s Mot. Summ. J., Ex. A, ¶ 13.) There are no allegations of negligence against Mr. Jackson. As the four corners of this complaint do not describe any type of "accident" involving Mr. Jackson, there was no "occurrence" and, thus, no duty to defend on State Farm's part.

In an effort to avoid the implications of the clear policy language, Mr. Jackson asserts that "[e]xtrinsic evidence may be used to rebut the insurer's contention that a policy exclusion bars coverage . . . the burden is on the insured to show that the exclusion which appears to be triggered

does not apply after all." (Defs.' Opp'n Summ. J., p. 4 (citing Unitrin Direct Ins. Co. v. Esposito, 280 F. Supp. 3d 666, 670–71 (E.D. Pa. 2017)). Mr. Jackson cites his deposition in the Underlying Action wherein he testified that he acted in self-defense after Mr. Cox struck him first. (Id. at 5–6.) His wife, Mrs. Jackson, corroborated this story in her deposition. (Id.) Based on these allegations of self-defense, Defendants argue that there is a genuine issue of material fact as to whether Mr. Jackson "harbored the malicious intent to injure the plaintiff or whether he was acting in self defense." (Id.)

Defendants' argument is mistakenly premised on the assumption that State Farm's refusal to defend is based "upon an exclusion from coverage for personal liability for bodily injury[1] which is the result of willful and malicious acts of the insured."[2] (Defs.' Opp'n Summ. J., p. 2.) State Farm is not, however, relying on an exclusion within the Policy, but rather on the fact that the allegations of the Underlying Complaint do not set forth any "occurrence" that initially triggers its duty to defend. "Pennsylvania adheres to the 'four corners' rule . . . under which an insurer's potential duty to defend is 'determined *solely* by the allegations of the complaint in the

---

[1] The Exclusion upon which Defendants assume State Farm relies states:

>  Coverage L and Coverage M do not apply to:
>
>  a. **bodily injury** or **property damage**:
>     (1) which is either expected or intended by the **insured**
>     (2) which is the result of willful and malicious acts of the **insured.**

(Pl.'s Mot. Summ. J., Ex. C)

[2] Under Pennsylvania law, when an insurer raises a defense based on a policy exclusion, the burden shifts to the insurer to establish the applicability of that exclusion. Sciolla v. West Bend Mut. Ins. Co., 987 F. Supp. 2d 594, 599 (E.D. Pa. 2013). Thereafter, the insured may use extrinsic evidence to rebut the insurer's contention that a policy exclusion bars coverage. Air Prods. & Chems., Inc. v. Hartford Acc. & Indem. Co., 25 F.3d 177, 180 (3d Cir. 1994) (citations omitted). If the insured is successful in demonstrating that coverage is not necessarily excluded by the facts averred in the underlying complaint, the insurer is required to defend. Unitrin, 280 F. Supp. 3d 666.

[underlying] action.'" Ramara, 814 F.3d at 673 (emphasis in original). Under this rule, "a court in determining if there is coverage does not look outside allegations of the underlying complaint or consider extrinsic evidence." Id.; see also Liberty Surplus Ins. Corp. v. McFaddens at Ballpark LLC, 116 F. Supp. 3d 447, 456 (E.D. Pa. 2015) ("An insurer's obligation to defend its insured is fixed *solely* by the allegations in the Underlying Complaint.") (emphasis in original); see also Malofiy, 2011 WL 1050050, at \*6 (holding that insured's argument that he acted in self-defense in committing the assault and battery alleged in the underlying complaint was irrelevant to whether there was an "occurrence" giving rise to the duty to defend; as self-defense argument was based on factual allegations outside the four corners of the underlying complaint, those allegations could not be considered in determining whether there had been an "occurrence.").

The Underlying Complaint at issue claims that Mr. Jackson is liable for assault and battery, which, as noted above, is not an accident and, thus, not an "occurrence." Defendants do not deny that Mr. Jackson purposely hit Mr. Cox. In fact, as set forth above, Mr. Jackson was convicted of simple assault in connection with his attack on Mr. Cox. Rather, Defendants simply claim that, when doing so, he acted in self-defense. The Policy at issue does not provide any coverage for intentional acts done in self-defense. Therefore, State Farm is entitled to a declaration that it does not have a duty to defend or indemnify Mr. Jackson in connection with the Underlying Action.

An appropriate Order follows.